IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:21-CR-156-KAC-DCP |
| ORAINE LIVINGSTON CHRISTIE, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Oraine Christie's Motion to Continue Trial and Other Deadlines [Doc. 79], filed on May 30, 2023, the Government's Response to Defendant's Motion to Continue [Doc. 81], and Defendant's Amended Motion to Continue Trial and Other Deadlines [Doc. 82].

In his original motion [Doc. 79], Defendant Christie asked the Court to continue the July 18, 2023 trial date and all associated deadlines, including a pretrial motions deadline. Following the filing of Defendant's motion, the Court ordered the Government to file a response [Doc. 80]. In its response [Doc. 81], the Government stated that it has no objection to rescheduling the trial and corresponding trial deadlines, with the exception of the pretrial motions deadline, which it opposed. Defendant then filed an amended motion, requesting a continuance of the trial date and associated deadlines, but omitting any reference to a new pretrial motions deadline.

In his amended motion, Defendant states that the Court presently has before it a Report and Recommendation on Defendant's motion to suppress as well as Defendant's objections and the Government's response. Counsel for Defendant relates that she will be out of the office until June 7, 2023, and should the Court rule on the Report and Recommendation in the interim, she would not

have sufficient time to advise Defendant on the impact of the ruling or engage in negotiations with the Government, if necessary. Counsel submits that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial as the Court is still considering the motion to suppress and she would not have adequate time to confer with her client regarding significant questions of how to further proceed in this case. Counsel states that Defendant's right to a speedy trial have been fully explained to him, that he is currently detained pending trial, and that he understands that the period of time between the filing of the motion and a new trial date would be fully excludable for speedy trial purposes.

Based upon the information provided by Defendant in his amended motion [Doc. 82] and the lack of opposition by the Government [Doc. 81], the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). As of the date of this Order, the Report and Recommendation regarding Defendant's motion to suppress is pending before the Court. Following entry of the Court's ruling, counsel for Defendant will need additional time to confer with her client as to trial strategy, negotiate with the Government, if necessary, and otherwise prepare for trial—tasks made more difficult by Defendant's pretrial detention. All of this cannot be done by the July 18, 2023 trial date.

The Court therefore **GRANTS** Defendant Christie's Amended Motion to Continue Trial and Other Deadlines [**Doc. 82**] and **DENIES AS MOOT** Defendant's original Motion to Continue Trial and Other Deadlines [**Doc. 79**]. The trial of this case is reset to **October 3, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice

served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the first motion on May 30, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Christie's Motion to Continue Trial and Other Deadlines [**Doc. 79**] is **DENIED AS MOOT**;

(2) Defendant Christie's Amended Motion to Continue Trial and Other Deadlines [**Doc. 82**] is **GRANTED**;

(3) The trial of this matter is reset to commence on **October 3, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) All time between the filing of the first motion on **May 30, 2023**, and the new trial date of **October 3, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 1, 2023**;

(6) The deadline for filing motions *in limine* is **September 11, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **September 13, 2023, at 10:30 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 22, 2023**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

3

Case 3:21-cr-00156-KAC-DCP   Document 83   Filed 06/08/23   Page 3 of 3   PageID #: 659