UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 3:21-CR-156-KAC-DCP |
| | ) |
| ORAINE LIVINGSTON CHRISTIE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on the matter of Defendant Oraine Livingston Christie's representation. On November 25, 2024, Defendant filed a pro se motion asking to represent himself to file and argue a motion for new trial but requesting that his court-appointed counsel Attorney Russell T. Greene continue to represent him on sentencing matters and on appeal [Doc. 165 pp. 1–2]. Defendant states that Mr. Greene has declined to file his motion for new trial and stated that he would only file it "under protest" believing it to be "frivolous" [*Id*. at 2]. Defendant also expresses concern about his limited communication with counsel and states that he did not know whether counsel had filed his motion [*Id*.]. Attached to Defendant's pro se motion to represent himself is Defendant's proposed[1] supplemental motion for new trial [*Id*. at 32–38] along with handwritten excerpts from portions of the trial transcript [*Id*. at 4–31].

By way of background, the Court observes that it substituted and appointed Mr. Greene to represent Defendant Christie on June 3, 2024, due to an actual conflict of interest for Attorney Christopher "Kit" Rodgers, who represented Defendant at trial [Doc. 155 p. 2]. Following trial

---

[1] Defendant states both that he "needs [to get the attached "perjury" motion] in front of the court" [Doc. 165 p. 2] and states that he would like to prepare and file multiple motions [*Id*. at 1].

and prior to the substitution, Mr. Rodgers filed a Motion for New Trial [Doc. 138 (requesting only an extension of time to file a motion for new trial)] and a Supplemental Motion for New Trial [Doc. 145 (alleging prosecutorial misconduct)]. After the District Judge denied the supplemental motion for a new trial [Doc. 149], Mr. Rodgers moved to withdraw due to a conflict of interest created by Defendant's allegations of ineffective assistance of counsel, which created an ethical dilemma for counsel and changed the dynamic in the attorney-client relationship [Doc. 152 p. 1]. The undersigned substituted Mr. Greene, who is Defendant's fourth attorney.[2]

The parties appeared before the undersigned on December 4, 2024, for a hearing on Defendant's pro se request to represent himself. Assistant United States Attorney Brian Samuelson represented the Government, and Attorney Greene represented Defendant Christie, who was also present. CJA Panel Attorney Michael P. McGovern was present at the Court's request. Mr. Greene stated that he and Defendant had no problems communicating, and other than the matter of the motion Defendant wanted to file, they had "no issues whatsoever" in the attorney-client relationship. The Government took no position on Defendant's pro se motion other than to ask the Court to make the "*Faretta* inquiry" to determine whether Defendant's request to represent himself was knowing and voluntary. The Court conducted a sealed portion of the hearing to better understand the attorney-client relationship.[3] During that exchange, the Court became concerned about Defendant's understanding of the scope and consequences of his request to represent himself. The Court continued the hearing to allow Mr. Greene to meet with Defendant on the

---

[2] The Court initially appointed Assistant Federal Defenders Sarah H. Olesiuk and G. Nicholas Wallace and the Federal Defender Services of Eastern Tennessee [Doc. 8; *see* Doc. 27]. On August 23, 2022, the Court substituted Attorney Laura Davis as Defendant's counsel [Docs. 51 & 53]. On September 13, 2023, the undersigned substituted Mr. Rodgers for Ms. Davis [Doc. 96].

[3] Mr. Greene did not object to Mr. McGovern attending the sealed portion of the hearing.

matter of his representation, to review the questions the Court would ask in assessing his decision to represent himself, and to go over the schedule in this case, including the sentencing hearing set for December 13, 2024. Following this hearing, Mr. Greene moved to continue the sentencing hearing because Defendant "has several issues he wants filed and ruled upon prior to sentencing" but with which counsel disagrees [Doc. 170].

The parties appeared before the undersigned on December 10, 2024, for the continuation of the motion hearing. Assistant United States Attorney Ann-Marie Svolto and AUSA Samuelson represented the Government. Mr. Greene again appeared with Defendant, who was also present. Mr. McGovern was again present at the Court's request. Mr. Greene related that he met with Defendant twice in the intervening time and Defendant still wanted to represent himself. Mr. Greene requested a sealed hearing to discuss whether Defendant wanted Mr. Greene to assist him as elbow counsel. AUSA Svolto stated that the Government continued to take no position on Defendant representing himself, but it objected to hybrid representation. She argued that Local Rule 83.4 reveals that hybrid representation is disfavored in this district.

The Court conducted a sealed, ex parte hearing on the matter of Defendant's continued representation by counsel.[4] Following the Government's return and with the hearing unsealed, the Court found that Defendant wanted to represent himself. The Court advised Defendant of the risks and perils of self-representation, using the litany provided in *United States v. McDowell*, 814 F.2d 245, 251 (6th Cir. 1987) and the *Bench Book for United States District Judges* 1.02(C) (5th ed. 2007). The Court finds that Defendant Christie has not studied law or previously represented himself in a criminal case. AUSA Svolto reviewed the offenses of which Defendant was convicted

---

[4] Mr. Greene again did not object to Mr. McGovern attending the sealed portion of the hearing.

3

at trial and the potential penalties he faces at sentencing, including sentences that must be served consecutively. Defendant said he understood the offenses of which he has been found guilty and is aware of the potential penalties. Defendant understood that the Court cannot advise him on how to conduct his case. Defendant is not familiar with the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, but he understands that he will be expected to follow these rules. Defendant stated that knowing all this, he still wanted to represent himself.[5]

In his pro se motion, Defendant stated that he wants to represent himself to file motions that his attorney refuses to file, but he still wants to be represented by counsel in relation to his sentencing and on appeal [Doc. 165 pp. 1–2]. While a Defendant has a right to self-representation, the right to represent oneself and the right to counsel are "'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other." *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (citation omitted). Thus, a defendant has no constitutional right to hybrid representation." *United States v. Cromer*, 389 F.3d 662, 681 n.12 (6th Cir. 2004); *see also United States v. Green*, 388 F.3d 918, 922 (6th Cir. 2004). Moreover, the Court declines to permit Defendant Christie to file his own motions while represented by counsel because Defendant has had ample time to file pretrial motions and a motion for new trial through counsel, has no legal experience, and such hybrid representation is expressly prohibited by Local Rule 83.4(c). The Court affirmed that Defendant Christie understands that he cannot both represent himself and be represented by counsel by so advising him and by continuing the motion hearing to allow Mr. Greene to review with Defendant the litany the Court would use and to answer any questions.

---

[5] In the sealed portion of the hearing, the Court advised Defendant that he likely would have to seek leave to file any motion at this stage of the case and that he may not be permitted to file his desired motions. Defendant stated that even knowing this, he still wanted to represent himself.

4

Case 3:21-cr-00156-KAC-DCP   Document 174   Filed 12/13/24   Page 4 of 7   PageID #: 2350

At the December 10 motion hearing, Defendant Christie unequivocally informed the Court that he wants to represent himself. After reviewing the litany with Defendant, the Court finds that Defendant understands the perils of self-representation and knowingly and voluntarily waives his right to counsel. Mr. Greene is **RELIEVED** of his representation of Defendant Christie, who is permitted to represent himself. Mr. Greene is **DIRECTED** to provide the discovery and Defendant's file to elbow counsel for return to Defendant.

The Court next considered the appointment of standby or elbow counsel in this case. The Court may appoint standby counsel to help the defendant and to represent the defendant if self-representation must be terminated. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975). Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present[.] . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of elbow counsel can "relieve the judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184. The Court finds these principles apply to post-trial proceedings as well as to trial.

With these principles in mind, the Court finds the appointment of elbow counsel in this case to be appropriate. Attorney McGovern was present at the December 10 hearing and agreed

to serve as elbow counsel. The Court **APPOINTS** Mr. McGovern to serve as elbow counsel for Defendant pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. To the extent possible, Mr. McGovern shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. Mr. McGovern should help Defendant overcome routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, which the Defendant has clearly indicated he wants to complete.[6] Mr. McGovern may also, upon Defendant's request, provide technical assistance in presenting evidence and preserving the record for appeal. The Court asks Mr. McGovern to assist Defendant with electronic filing if needed and to provide him with the discovery and materials received from Mr. Greene to the extent that Defendant requests these materials and is permitted to have them at the jail.

Finally, at the close of the hearing, Defendant Christie adopted the Motion to Continue Sentencing [Doc. 170], filed by Mr. Greene. The Court asked Mr. McGovern to assist Defendant with coordinating a new date for the sentencing hearing.

In summary, the Court **ORDERS** as follows:

(1) Defendant Christie, by his conduct and his statements at the hearing, knowingly and voluntarily waives his right to counsel. Defendant is **PERMITTED** to represent himself;

(2) Defendant's pro se motion [**Doc. 165**] is **GRANTED** in part in that Defendant is permitted to represent himself. To the extent Defendant requests hybrid representation, this request is **DENIED**. Defendant's attachments to his request for self-representation are not considered to be a pending motion;

---

[6] In this case, Defendant seeks to file a motion or motions, which may be untimely. As a part of his role as elbow counsel, Mr. McGovern may advise Defendant on the procedures for requesting leave to file untimely motions. Defendant's attachments [Doc. 165 pp. 4–38] to his letter asking to represent himself are not a pending pro se motion by Defendant Christie.

6

(3) Attorney Russell T. Greene is **RELIEVED** of his representation of Defendant Christie and **DIRECTED** to provide elbow counsel with all discovery and the Defendant's file;

(4) The Court **APPOINTS** Attorney Michael P. McGovern as elbow counsel for Defendant Christie pursuant to the CJA;

(5) Defendant Christie adopts the Motion to Continue Sentencing [Doc. 170] previously filed by defense counsel; and

(6) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Christie at his place of detention.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge